## CORWITH vs. STATE BANK.

APPEAL FROM CIRCUIT COURT, LA FAYETTE COUNTY.

Heard March 21.]            [Decided June 4, 1860.

### *Practice.*

Where a party has made a motion in the court below to set aside a sale of real estate upon an execution, which was granted, and on an appeal to the supreme court the order granting the motion was reversed, and the cause remanded without leave to the party to renew the same motion. Such motion cannot be renewed, although the renewal be based upon other grounds.

*Pierce vs. Kneeland,* 9 Wis., 23, and *Hill vs. Hoover,* id., 15, considered and approved.

After the reversal of the order of the circuit court in this cause, as reported in 8 Wis., 376, and the remission to the

Corwith vs. State Bank.

circuit court, the counsel for the defendant again moved to set aside the sales upon the executions. The motion now made was placed upon other grounds than the former motion. The motion was granted by the court, and the plaintiff appealed.

*J. H. Knowlton and J. A. Sleeper* for the appellant.

*S. Crawford* for the respondent.


*By the Court*, COLE, J.   Within the decisions of this court in *Pierce vs. Kneeland*, 9 Wis., 23; and *Hill vs. Hoover*, id., 15, we cannot see how we can affirm the order in this case. A previous motion was made in the circuit court of La Fayette county to set aside the sales under the execution, &c., and that motion was sustained.   From the order setting aside the sales, appeals were duly taken to this court, and upon the hearing of the appeals the orders of the circuit court setting aside the sales, were reversed.   But in reversing those orders no leave was granted to the respondent to renew the motion in the circuit court, which we think was necessary, in order to entitle the respondent to make another application to set aside the sales.   The motion now made has in view precisely the same object and purpose as the former one, based, it is true, upon new grounds.   But if a second motion can be made to set aside these sales, why may not a third and fourth, and an indefinite number of motions be made for the same object, if the court should continue to deny the motions, upon the grounds upon which they are severally founded? A denial by this court of the former motion to set aside the sales must, we think, be considered as a bar to the respondent's right to make another application for the same purpose, the respondent not having obtained leave to renew that motion, on such reversal here.   See the authorities cited in case of *Pierce vs. Kneeland.*   Supra.

·It follows therefore that the order of the circuit court setting aside and vacating the sale of the real estate to the appellant must be reversed.