AMOS NORTON *et al.,* appellants, *v.* MARCUS F. DOW *et al.,* appellees.

*Appeal from Cook.*

A writ which issues from the Circuit Court is required by statute to be tested in the name of the clerk of that Court. If not properly tested, it may on motion be amended.

A writ of attachment was issued and tested in the name of the Circuit Judge. At the return term, an attorney, on behalf of the defendants, moved to quash the attachment because of the insufficiency of the affidavit on which it was based. The plaintiffs obtained leave to amend, the defendants were defaulted, and the plaintiff's damages were then assessed. The same attorney then again appeared and entered a motion in arrest of judgment, which motion was overruled, and judgment entered upon the assessment of damages: *Held,* that the attorney, in appearing for the purpose of quashing the attachment, should have urged all the objections he had intended to make in support of his motion, and in omitting to raise other objections, he must be considered as having waived them.

Substantial justice and a fair practice seem alike to require a party, who objects to a particular step in the progress of a cause, to take all of the objections which can be reached by his motion, and removed by amendment. Omitting to do so, he will be considered as having waived those not raised.

ATTACHMENT, in the Cook Circuit Court, brought by the appellees against the appellants. The writ was tested in the name of the Circuit Judge.

At the June term, 1848, Ralph V. M. Croes, an attorney of the Court, appeared and moved the Court to quash the writ of attachment issued in the cause, for the insufficiency of the affidavit, when a cross motion for leave to amend was interposed and allowed.

On the next day, no one answering for the defendants, their default was entered, damages were assessed, and a judgment then rendered by the Court, the Hon. Jesse B. Thomas presiding, in favor of the plaintiffs for $466·33.

The same attorney, on the part of the defendants, then moved in arrest of judgment, and subsequently argument having been made upon the motion, it was overruled, and judgment rendered upon the assessment. The defendants then entered an appeal.

*E. Peck,* for the appellants.

The writ of attachment should have been tested in the name of the clerk of the Circuit Court, not in the name of the Judge of that Court. Rev. Stat. 413, § 1; Ibid. 63, § 2.

*J. M. Wilson,* for the appellees.

The defects, if any, are mere clerical errors, which the party waived by appearance in the Circuit Court, and making no objection there. Rev. Stat. 65, § 8; *Easton* v. *Altum,* 1 Scam. 250; *Beecher* v. *James,* 2 do. 462.

The Court had jurisdiction of the subject matter of the suit, and of the parties by their appearance and making other objections in the case.

*Peck,* in reply.

The appearance was not a full appearance, but for a special purpose which is allowable in practice. The party should then have corrected all errors in the process.

The Opinion of the Court was delivered by

TREAT, C. J. This was a proceeding by attachment. The writ was tested in the name of the Circuit Judge. The defendants were regularly notified of the pendency of the

Norton *et al. v.* Dow *et al.*

suit, and at the return term, an attorney on their behalf moved to quash the attachment because of the insufficiency of the affidavit on which it was based. The plaintiffs obtained leave to amend the affidavit, and thus obviated the objection. The defendants were then defaulted, and the plaintiffs' damages assessed, when the same attorney again appeared and entered a motion in arrest of judgment. The Court refused the motion, and rendered judgment on the assessment.

The only objection now taken to the regularity of the proceedings relates to the test of the writ of attachment. The writ is required to be tested in the name of the clerk of the Court out of which it issues. Rev. Stat. Ch. 9, § 2. The writ, however defective, may be amended. Rev. Stat. Ch. 9, § 8. We are not inclined to regard the acts of the attorney as amounting to a full appearance to the action, but only as an appearance for the purpose of quashing the attachment. In appearing for that purpose and interposing the motion, we think he should have made all of the objections he designed to urge, and which could have been urged in support of the motion; and omitting to raise this particular objection, he must be considered as having waived it. It was but a technical objection, apparent on the face of the process, and, if insisted on, would no doubt like the other objection have been instantly obviated by an amendment. Substantial justice and a fair practice seem alike to require a party, who objects to a particular step in the progress of a cause, to take all of the objections which can be reached by the motion and which can be removed by amendment at the same time, so as to afford his adversary the opportunity of avoiding them. He must be understood as waiving all those he does not thus insist upon.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*