BONESTEEL and another vs. ORVIS.

*Effect of an appeal bond in replevin, where sureties same as in replevin bond.—Stay of proceedings.*

1. Where the defendant's sureties on appeal in replevin are the same as the sureties on the replevin bond, against whom the judgment was entered as well as against the defendant, *it seems* that the undertaking on appeal is not sufficient to stay proceedings on the judgment.
2. But the undertaking to pay the costs and damages on appeal, is the assumption of a new liability by such sureties, and is sufficient to perfect the appeal.

APPEAL from the Circuit Court for *Fond du Lac* County.

The plaintiffs (who were respondents here), moved to dismiss the appeal.

*Gillett & Conklin*, for the motion.

*Blair & Coleman*, contra.

DOWNER, J. The respondents move to dismiss the appeal in this case, because the sureties in the undertaking on appeal are the same persons who were sureties for the appellant (defendant below), in the undertaking in replevin, and against whom and the

appellant the judgment was rendered in the circuit court from which the appeal is taken.

It is contended that the true construction of the statute requiring security on appeal is, that it requires that some new security, additional to that which the plaintiffs had before the appeal, should be given to stay proceedings on the judgment appealed from; that as the sureties in this case on appeal were liable to pay the entire judgment against them before the appeal, it is in fact an appeal without any security within the spirit and meaning of the statute. There is force in this reasoning so far, and as to that part of the undertaking which is for the payment of the judgment, and we are inclined to the opinion that it is insufficient to stay proceedings on the judgment.

In the view we have taken, however, it is unnecessary for us to decide whether the undertaking is or is not sufficient to stay the proceedings. The undertaking to pay costs and damages is an undertaking to pay what the sureties were not previously liable to pay, and we see no reason why they are not as competent as to that undertaking, as they would be to execute any undertaking in any other action ; and that alone being sufficient to perfect the appeal, the motion must be overruled.

*By the Court.*—Motion overruled.