BONESTEEL and another vs. ORVIS and others.

*Setting aside execution and levy—Waiver of irregularity—Practice as to motions.*

1. An order setting aside a levy upon an execution was properly granted on the ground that the execution was not subscribed by the party issuing it, or his attorney (R. S. ch. 134, § 8); this objection being specified in the affidavit, a copy of which was served with a notice of the motion.

2. It was no ground for denying the motion, that the execution was properly subscribed *after levy made* and after *notice of the motion served*.

3. The fact that an execution defendant turns out property to the sheriff without demand, for the purpose of having him levy on it, and that the sheriff does so, is not a waiver of an irregularity in the execution, which was unknown to such defendant.

4. A subsequent motion to stay proceedings on the execution on the grounds specified in the motion to set aside the levy, should have been denied, because the relief might have been asked for in the first motion.

5. Where an additional but invalid ground was in fact assigned for the second motion, it should still have been denied.

APPEALS from the Circuit Court for *Fond du Lac* County. *E. S. Bragg*, for appellants.

*Blair & Coleman*, for respondents.

The following opinion was filed at the February term, 1868. A motion for a rehearing was denied at the October term.

DIXON, C. J.	Separate appeals from two orders of the circuit court for Fond du Lac county in the same case, affirming previous orders of the judge at chambers, the one setting aside the levy on an execution issued in the action, and the other staying all proceedings on the same execution until an appeal to this court from the judgment in the action should be determined. Both orders at chambers were made on the same day, but the application to set aside the levy was first in order of time, by the service of the motion papers upon the counsel opposed.

*First Order.*— This order, setting aside the levy, was properly granted, because the execution issued was not subscribed by the party issuing it, nor his attorney, as required by the statute. R. S., ch. 134, § 8. This ground of irregularity was distinctly specified in the affidavit accompanying the motion, as the basis of it, and a copy of the affidavit was served with the notice of the motion. This was a substantial compliance with rule 22, Circuit Court Rules of 1857. The subscribing of the execution by the attorneys for the plaintiffs after the notice of motion was served, and before the motion was heard, did not cure the defect. Such subscription of process in the hands of the officer, admitting it to have been authorized, could operate only prospectively. It had no retroactive effect. To have given it this effect, an order of court directing the amendment was necessary. The plaintiffs applied for no such order, and the levy was still irregular. The question differs from that presented in *Clute v. Clute*, 4 Denio, 411, where it was held, that, on filing the judgment record, the *fi. fa. thenceforth* became regular.

Nor were the defendants estopped from questioning the irregularity of the execution, because " they voluntarily turned out the property levied upon, to the sheriff, without demand, for the purpose of having him levy on it, and he did so as they desired." It does not appear that the defendants were aware of the irregularity at the time they did so. To constitute a waiver of the irregularity on this ground, it should be shown that the defendants knew it at the time they turned out the property.

*Second Order.*— This order rests on the same grounds of irregularity specified for the first order, and on the additional ground, that all proceedings upon the judgment were stayed by an undertaking given on appeal by the defendants to this court. The undertaking was insufficient for that purpose, as has been already decided by this court. *Bonesteel v. Orvis*, 20 Wis. 646. As to the irregularities set up, the defendants were

not entitled to bring them forward again as the foundation of a motion to obtain further or different relief against the same execution. A party cannot divide up his objections or claims for relief by several motions, thus doubling or trebling the costs, where complete relief can be granted upon one motion. All known objections or claims for relief against the same irregularities, not urged upon the first motion, are waived. *Pierce v. Kneeland*, 9 Wis. 30, and cases cited.

*By the Court.* — The first order is affirmed, and the second reversed.