## JOSEPH M. PIAZZEK v. MICHAEL WHITE.

1. REPLEVIN *for Share of Grain Stored in Mass.* When a mixture of cereal grains occurs by consent of the owners, or under circumstances in which the mixture would be reasonably expected by the parties, and the property mixed is of the same nature and value, although not capable of an actual separation by identifying each particle, yet if a division can be made of equal value, as in the case of corn, oats and wheat, the law will give to each owner his just proportion, and such owner may recover his share by replevin.

2. AGREEMENT, *Construed; Replevin; Erroneous Instruction.* At a division of a crop of corn raised on the same premises, and all of which was of the same value, between P. and W., in the absence of sufficient cribs to hold P.'s share, W. agreed with P. to store 300 bushels of the latter's corn in his crib along with his part of the crop, and further agreed that whenever P. demanded his corn, he would measure out of the corn so stored in the crib the same amount or quantity of corn of like quality as that deposited. Under the agreement, the corn was stored in W.'s crib, and with the consent of parties, mixed together. *Held,* That the transaction was a deposit, and the 300 bushels of corn remained the property of P., for which replevin would lie; and further, *held,* that under the circumstances of this case, an instruction to the effect that if the defendant had the option to deliver on demand the same corn, or any of like quality, the jury must find for the defendant, without any limitation or qualification, was erroneous.

*Error from Shawnee District Court.*

REPLEVIN brought by *Piazzek,* against *White,* for three hundred bushels of corn. Trial at the May Term, 1879, when the court gave among others the following instruction to the jury :

"9. But if the rent had once been divided, and Piazzek, by himself or agent, deposited the corn in controversy with White, and had it put into a crib in which there was other corn of White's, with the agreement that White was to deliver that corn or other corn afterward on demand, then the jury will find for the defendant."

The court further instructed the jury :

"10. That if White had the option to deliver on demand the same corn, or corn of like quality, the jury will find for the defendant."

Verdict for defendant. New trial denied, and judgment for defendant. *Piazzek* brings the case to this court. The opinion sufficiently shows the nature of the action, and the material facts.

*J. Safford,* and *D. P. & H. C. Safford,* for plaintiff in error:

Will the mixture of grain, by consent of the owners thereof, take away the right of any owner to recover possession of his portion of the mixture by an action of replevin? The ownership of each portion is not changed by such mixture; for "where articles of the same kind and value, which are calculated by the bushel or pound, are mingled together by the consent of parties, each party is entitled to have divided to him as many pounds or bushels as he may have put in, and is recognized in law to have a property in so much as he may have put into the common stock." (*Inglebright v. Hammond,* 19 Ohio, 344.) "The intentional and innocent intermixture of property of substantially the same quality and value, does not change the ownership." (21 Pick. 298, 306.) "Where grain belonging to different owners has been stored in mass with their consent, each may, if necessary for the mainte-

nance of his rights, maintain replevin for his share, subject to deduction of his proportion of loss or waste occurring to it while so in mass." (*Young v. Miles*, 20 Wis. 646.) See also Morris on Replevin, 101; 21 Wis. 417; 29 id. 531; 33 id. 141; 9 Mass. 427; 21 Pick. 305; 58 Mo. 218; 19 N. Y. 330; 21 Pa. St. 359.

*A. H. Case*, and *M. T. Campbell*, for defendant in error:

By the contract between the plaintiff and defendant, the corn passed to the defendant, and was thenceforth his, and at his risk. It was not a *depositum*, but it was what is known as an "irregular bailment," and when the defendant refused to deliver, it became a money demand, and plaintiff was remitted to his action for its value. (1 Ohio St. 244; Edwards on Bailments, 137, 186, 204.)

If the property was mixed with defendant's goods at the request of plaintiff, so that it could not be identified, he must fail in this action. (2 Bl. Com. 405; 14 Cal. 410; 27 id. 464; 11 Cush. 573; 4 Greene, 23; 12 Conn. 331; 1 Har. & G. 308.) The parties also became tenants in common. (1 Hill. on Torts, pp. 477, 478; 1 Ohio St. 251.) Being tenants in common, the corn could not be replevied. (Morris on Replevin, p. 113; 15 Pick. 71; 12 id. 324; Co. Lit. 199, 196; 7 Dana, 283.)

The opinion of the court was delivered by

HORTON, C. J.: Replevin for 300 bushels of corn, of the value of $81, commenced by Piazzek against White, before a justice of the peace. The action was taken on appeal to the district court, where it was tried at the May term, 1879. Judgment was given for defendant White. The plaintiff brings the case here on error.

On the 30th day of January, 1877, plaintiff rented certain land to defendant for the term of three years from March 1, 1877, (except in case of a sale of the premises, when the lease was to terminate,) the defendant agreeing to cultivate all the plow-land on the premises, and to put the same into corn.

Plaintiff was to have one-third of all the corn raised, to be ·delivered to him on the place in cribs to be furnished by him.   For the season of 1877 the plaintiff's share was about ·2,500 bushels.   During December, 1877, defendant filled plaintiff's cribs with 2,200 bushels, which was all they would hold.   The balance of plaintiff's share, 300 bushels, is the subject of this controversy.

Counsel complain that the charge of the court was errone-·ous, and the verdict not supported by the testimony.   The principal objections to the charge are, that it had no applica-·bility to the facts proved or issues involved in the trial, .and that the direction, "that if the defendant had the option .to deliver on demand the same corn, or corn of like quality, ·the plaintiff could not recover," was erroneous.   To a com-·plete understanding · and elucidation of the case, we must ·refer to the testimony.   On the part of the plaintiff it was ·shown that the crop was divided into loads; that defendant's ·share thus set apart was two-thirds and plaintiff's one-third; ·that plaintiff's share was placed in his own cribs, except 300 ·bushels, which could not be put into them for lack of room; that this 300 bushels was placed in defendant's cribs.   The ·defendant testified that 300 bushels of the corn belonging to plaintiff could not be stored in plaintiff's cribs, for the reason ·that they were full; that he made an agreement with Ellin-wood, the agent of plaintiff, that the 300 bushels should be ·stored in his crib, and that the same amount or quantity of ·corn of like quality should be measured out by him, less shrinkage, whenever plaintiff should desire him to deliver the corn; that under this agreement he stored in his crib as much as 300 bushels of corn belonging to plaintiff.

Upon this testimony, we are of the opinion that the por-tion of the charge of the court concerning the deposit or ·storage of the corn with the defendant without any limita-tion or qualification was erroneous and misleading, and that the verdict of the jury cannot be sustained.   The current authorities fully support the doctrine very clearly stated by ·Chief Justice Dixon in *Young v. Miles*, 20 Wis. 646.   It is

in substance, that as to articles like wheat and the cereal grains, and the flour manufactured from them, wine, oil and fruits of the earth which are sold, not by a description which refers to and distinguishes the particular thing, but in quantities which are ascertained by weight, measure or count, and which are undistinguishable from each other by any physical difference in size, shape, texture or quality, that there may be different owners of a common mass, each having a separate property in his share, and each entitled to sever it from the share or shares of the others, and if necessary for the preservation of his rights, to maintain replevin for the same, subject to deductions for any loss or waste properly falling to his share while the property remained in mass. (*Kimberly v. Patchin*, 19 N. Y. 330; *Kaufmann v. Schilling*, 58 Mo. 218; Wells on Replevin, §§ 203, 209.) The agreement of the parties, as stated by defendant, was clearly, in the opinion of the writer, to the effect that the plaintiff continued to be the owner of the same number of bushels of corn, less shrinkage, stored with defendant's corn, in the latter's crib, to be taken from the mass after the mixture, or in the words of the defendant, "to be measured out" (of the mass in the crib) "by defendant, less shrinkage, when a demand was made by plaintiff;" that it was not the intention of the parties that defendant should use, sell or otherwise dispose of all of the corn in the crib, with the option on his part to return the same amount or quantity of corn of like quality from some purchase of corn, or from other corn than that in the crib; that the parties always expected enough of the mass to be in the crib to satisfy plaintiff. An ample amount was on hand in the crib when this action was commenced. The court below, and the jury, following the instructions, treated the storing of the corn with defendant as though the absolute property passed to the defendant, and as if delivered to him for consumption or appropriation for his own use. Taking all the circumstances together, and the statements of defendant, it seems to us that it was the intention of the parties that the property should remain in the

40—23 KAS.

plaintiff, and that the transaction was a bailment. That the defendant, now making an adverse claim, so regarded the transaction, is manifest from his statement to the witness Bullock, a few days before the commencement of this action, "that he had 300 bushels of corn belonging to plaintiff in his crib, and that he would turn it over to Kellam, as agent of plaintiff, for transportation to Valley Falls;" and his other statement, made subsequently, "that he was going to sell plaintiff's corn to get even with him." The charge of the court should have directed the jury that, if the corn of plaintiff was stored along with the defendant's corn, in the latter's crib, under an agreement that the defendant should measure out of the mass in the crib the same amount or quantity of corn, of like quality as that deposited, less shrinkage, whenever plaintiff should desire the defendant to deliver plaintiff's corn, then the jury should find for the plaintiff. Of course, we do not wish to be understood as saying, that if it was the intention of the parties that the 300 bushels of corn were turned over to the defendant as a loan for consumption, to be restored from other and different corn than that in the crib, that the property of the corn remained in the plaintiff, or that he should recover. It is simply because, as we construe the agreement, the defendant was to store the corn for plaintiff, and to measure back to him from the mass in the crib the amount to which he was entitled, that we think the jury may have been misled.

The judgment of the district court will be reversed, and the case remanded for a new trial in accordance with the views herein expressed.

All the Justices concurring.