### W. F. PITMAN v. JOHN BAUMSTARK.
**No. 12,163.**   ( 64 Pac. 968.)

#### SYLLABUS BY THE COURT.

REPLEVIN—*Parties*—*Rights of Part Owner.* A tenant who owned an undivided two-thirds of a crop, which had been placed in stacks, transferred the same to another, after which it was seized at the instance of a creditor of the tenant, and the vendee of the tenant then brought an action to recover possession of the same. *Held*, that the vendee, although only a part owner of the crop, was entitled to maintain replevin as against the creditor of the tenant. (*Piazzek v. White*, 23 Kan. 621, 33 Am. Rep. 211.)

Error from Harper district court; G. W. McKAY, judge. Opinion filed May 11, 1901. Division two. Affirmed.

*H. Llewelyn Jones*, for plaintiff in error.

*Washbon & Washbon*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was a replevin for the possession of an undivided share of a crop of wheat. D. B. Reeve rented ninety acres of land from another party, which he put into wheat, and the landlord's share was one-third of the crop. Reeve harvested and stacked the wheat on the land upon which it was grown, but previously he had mortgaged it to John Baumstark. After it had been put in stacks, a creditor of Reeve caused an attachment to be levied on his share, when Baumstark, claiming a special ownership under his mortgage, brought this action to recover the possession of the same from the constable, who is plaintiff in error, describing it as an undivided two-thirds interest in all of the wheat now in stacks on a certain tract of land. While the litigation was pending the wheat was thrashed and 608 bushels were obtained as Reeve's share. A trial resulted in a verdict awarding the possession of the property to Baumstark, and Pitman brings the case here, contending that Baumstark could not maintain replevin for a share of the wheat.

It is a general rule that a part owner of property cannot maintain replevin against his co-owner for his undivided interest, for the reason that one part owner has as much right to the possession of the common property as the other. An exception to this rule is made where the shares of the parties constitute a mass of uniform quality and value, susceptible of a fair and equal division by count or measurement. This rule is peculiarly applicable in cases like the present, as was held in *Piazzek v. White*, 23 Kan. 621, 33 Am. Rep. 211. There it was ruled:

"When a mixture of cereal grains occurs by consent of the owners, or under circumstances in which

Pitman v. Baumstark.

the mixture would be reasonably expected by the parties, and the property mixed is of the same nature and value, although not capable of an actual separation by identifying each particle, yet if a division can be made of equal value, as in the case of corn, oats, and wheat, the law will give to each owner his just proportion, and such owner may recover his share by replevin." (See, also, *Young v. Miles and another*, 20 Wis. 646; *Kimberly v. Patchin*, 19 N. Y. 330, 75 Am. Dec. 334; *Kaufmann v. Schilling*, 58 Mo. 218; *Grimes v. Cannell*, 23 Neb. 187, 36 N. W. 479; Wells, Repl. § 209; Shinn, Repl. § 247.)

It is to be observed that this is not a controversy between landlord and tenant or any one standing in the relation of landlord. Both parties claim through the tenant, and the mortgage which he gave to the plaintiff was unquestionably valid. Under it the plaintiff acquired the right and ownership of Reeve, the tenant, who had an undoubted right of possession of the whole crop, even as against the landlord, until the grain was thrashed. The plaintiff, therefore, had a superior right to the defendant, and it has been held that a part owner of personal property may maintain replevin in his own name against one whose right to it is not superior to his. (*Chaffee v. Harrington*, 60 Vt. 718, 15 Atl. 350.)

Again, the matters of description and ownership appear not to be of great importance, as the plaintiff did not get possession of the property, and the trial appears to have proceeded for the value of the property, substantially like an action in trover.

Some other objections are made, but we find nothing substantial in them, nor anything which requires a reversal. The judgment is affirmed.

CUNNINGHAM, GREENE, JJ., concurring.