## No. 10,514.

### RAMSEY v. RADENBURG, ET AL.

#### Decided February 5, 1923.

Action in replevin.   Judgment for intervener.

*Affirmed.*

*On Application for Supersedeas.*

1.  REPLEVIN—*Commingled Goods.*  Where goods of the same nature and quality are mixed in a common mass by several owners, although not capable of separation by identification of each particle, yet if a division can be made, as in the case of wheat, each owner may claim his aliquot part of the common mass and enforce his right in an action of replevin.

2.  WAREHOUSE—*Commingled Property—Loss.*  Where grain of different owners has been intermixed in a warehouse, it becomes the common property of the several owners who must sustain any loss pro rata, which may occur.

*Error to the District Court of Washington County, Hon.*
*L. C. Stephenson, Judge.*

Mr. ISAAC PELTON, Mr. SAMUEL CHUTKOW, for plaintiff in error.

No appearance for defendants in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE action was in replevin brought by plaintiff in error, as plaintiff, against The Otis Farmers Elevator and Supply Company as defendant. Defendant in Error, Radenburg, intervened. The case was submitted to the district court on an agreed statement of facts. The material facts are that the plaintiff stored 849, and the intervener 2101, bushels of wheat with the defendant elevator company, and the two quantities of grain were intermixed in one bin. Thereafter it was discovered that the total amount of wheat in the elevator was less than the quantity belonging to the plaintiff and the intervener. Acting on this information, the plaintiff brought replevin proceedings, levying on 1088 bushels of wheat, and thereafter, on the same day, the intervener caused a writ of replevin to be levied on 409 bushels of wheat, which was all of the wheat left in the elevator after plaintiff had levied his replevin writ on 1088 bushels. Thereafter, the intervener filed his petition of intervention in the action brought by plaintiff, denying plaintiff's right to 1088 bushels, and at the same time claiming the right to prorate the wheat taken in the two replevin suits. The court sustained the petition of intervention and entered judgment accordingly. The plaintiff brings error and asks for a supersedeas.

It is conceded that where goods are mixed in a common mass by several owners, and are of the same nature and quality, although not capable of separation by identification of each particle, yet if a division can be made, as in

case of wheat, then each owner may claim his aliquot part of the common mass and enforce his right in an action of replevin. Wells on Replevin, Sec. 205; Cobbey on Replevin, Sec. 408; *Kaufmann v. Schilling*, 58 Mo. 218; *Grimes v. Cannell*, 23 Neb. 187, 36 N. W. 479.

Counsel contends, however, that the plaintiff having first levied his writ, and having taken possession of the wheat, a segregation as a matter of fact had already taken place by such proceeding, and that a prorating in such circumstances could not be had. It does not so appear to us. Plaintiff intermixed 849 bushels of his wheat with 2101 bushels belonging to intervener and then levied on 1088 bushels. Intervener took the remaining 409 bushels of wheat and then intervened in plaintiff's suit and denied his right to the possession of 1088 bushels, charging, in effect, that the plaintiff was entitled to but 427.77 bushels and that the intervener was entitled to 1069.23 bushels. When the plaintiff attempted to take wheat beyond his proportionate share, it was an attempt by him to take wheat which did not belong to him, but which did belong to the intervener, and this question of fact, as to the amount of wheat deposited in the elevator by the intervener bore to the whole mass, was determinable in the replevin suit.

It is well settled by authority that where grain of different owners has been intermixed in common mass by an elevator or warehouse, without objection, it becomes common property, owned by the several parties in the proportion in which each contributed to the common mass, and the owners must sustain any loss pro rata which may occur by diminution, decay, or otherwise. *Brown v. Northcutt*, 14 Oregon 529, 13 Pac. 485; *Young v. Miles*, 20 Wis. 615, 623; *Drudge v. Leiter*, 18 Ind. App. 694, 49 N. E. 37, 63 Am. St. Rep. 359; *Dole v. Olmstead*, 36 Ill. 150, 85 Am. Dec. 397; *Sexton v. Graham*, 53 Ia. 181, 4 N. W. 1090; *Piazzek v. White*, 23 Kan. 621, 33 Am. Rep. 211; 30 Am. & Eng. Ency. 44; 40 Cyc. 407.

Finding no reversible error in the record, a supersedeas is denied and judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON concur.