## No. 10,265.

## JOHNSON v. KRAEGER.

Decided February 5, 1923.

Action for damages alleged to have been occasioned by drainage water. Judgment for defendant.

## *Affirmed.*

1. DAMAGES—*Drainage Water.* In an action for damages alleged to have been occasioned by drainage water discharged by defendant onto plaintiff's land, the trial court having found on conflicting evidence that plaintiff had failed to show any such damage, a judgment for defendant is sustained.

*Error to the District Court of Larimer County, Hon. Francis E. Bouck, Judge.*

Mr. H. I. GARBUTT, Mr. FANCHER SARCHET, for plaintiff in error.

Messrs. STOW & STOVER, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

PLAINTIFF in error, Mary H. Johnson, brought suit against Kraeger to enjoin him from draining water from his land, the south half of the southeast quarter of section 16, on to the plaintiff's land, the west half of the southeast quarter of section 21. The decree was for the defendant and she brings error. The sole ground on which she predicates error is that the admitted fact that defendant's drains discharge water onto her land entitles her to relief because it amounts to a continuing trespass. This claim is based upon sound principle, but water came down from his land to hers both by seepage and surface flow before the drains were laid, and, if the drains do not send it down in a manner or quantity to do more harm than then, we can see no equity in her position.

Upon this point the evidence was conflicting. We cannot assent to the proposition that it was all one way. That proposition is said to be proved by defendant's concession on the stand that the drains had removed the swamp on his land, but that might be due to the lowering by the drains of the underground water level, and except during that process, no more water than before would necessarily be discharged. The engineer, Mr. House, testified to the general proposition that drainage sends down more than would come without it; but the defendant was pumping a part of the drained water on to other lands whence it could not reach plaintiff's, and the measurements of these waters are not shown.

The finding of the court was that plaintiff failed to show that in 1920 the plaintiff's lands became seeped, injured or damaged or rendered unfit for agricultural purposes on ac-

count of waters flowing from defendant's lands. We cannot say that the decree was wrong.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.