No. 12,481.

JOHNSON ET AL. *v.* JOHNSON.

(1 P. [2d] 581)

Decided June 29, 1931.

274

Mr. CLAY R. APPLE, for plaintiffs in error.

Mr. WILLLIAM R. KELLY, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court. For convenience we refer to them as plaintiffs and defendant.

Plaintiffs alleged the cutting by defendant of a certain embankment, the consequent flooding of their lands, and the threat of continuance. They ask that such action be enjoined, that the embankment be restored, and that their title be quieted against defendant's claim of right to discharge waters on said lands. Defendant denies the acts charged, alleges certain wrongful acts of plaintiffs and others which caused the waters to accumulate and threaten her crops, and admits that she released such waters by means of drain pipes. These she charges plaintiffs obstructed or removed to her damage and for

this damage she demands judgment. These and other allegations are specifically denied by replication. There is also much pleading of evidence, which need not be particularly noticed. The cause was tried to the court without a jury and judgment of dismissal, the parties to pay their own costs, was entered. To review that judgment this writ is prosecuted.

From east to west through defendant's quarter section runs the abandoned Panama Canal. She is bounded on the east by the quarter section of one Jones, and both are bounded on the north by the half section of plaintiffs. Between the tracts of defendant and Jones on the south, and the tract of plaintiffs on the north, runs a public road. The lands slope to the north. Said Panama Canal runs in a northeasterly direction, crossing said highway east of the Jones tract. Over defendant's land, from south to north, crossing the Panama Canal, the said highway, and extending into the lands of plaintiffs, runs a depression known as the Mayfield Draw. Water accumulating in this abandoned Panama Canal would, defendant claims, seep her land, and to relieve that condition she released it through the north bank, from whence it ran down Mayfield Draw to the lands of plaintiffs. Just beyond defendant's east line, on the Jones tract, Jones placed an obstruction in the canal, which had much to do with the accumulation of the water in question. But for this obstruction, plaintiffs insist the canal would carry off this surplus water and all necessity for releasing it into Mayfield Draw be obviated. Defendant asserts, and plaintiffs deny, that the Mayfield Draw is a natural watercourse. Plaintiffs furthermore claim a prescriptive right to be relieved of this water because the natural watercourse of the Mayfield Draw, if it ever existed, was closed by the construction across it of the Panama Canal, in 1904, and remained closed at least to the year 1927. The Panama Canal was abandoned in 1915.

█ 1. If the claim of prescriptive right were otherwise good, the trial court held it invalidated by the aban-

donment of the canal as such and the changed conditions shortly thereafter arising. This finding is amply supported by the evidence and under the well settled rule applicable cannot be disturbed here.

2. The court expressed a reluctance to make a specific finding as to whether Mayfield Draw was a natural watercourse; pointing out that it might be to the advantage of all the parties, in view of possible future litigation with strangers to this record, to refrain from so doing. Such specific finding was not thereafter urged and was not made. Whether the fact that the draw was such a natural watercourse, as the trial court clearly indicated the evidence showed, was taken into consideration in entering judgment, we have no further means of knowing. If so, the evidence, though conflicting, supports the conclusion. In that event plaintiffs clearly have no cause of action.

3. Since the abandonment of the Panama Canal it has become little more than a common nuisance. Gradually it has accumulated weeds, silt and debris. Various persons, including the county, at various places, including a county road crossing, have filled it up. The Jones fill is but one of these. Plaintiffs, or some of them, put in one. Defendant was not responsible for this condition and had no interest in the water. It came from above, from rain and floods, from seepage and percolation, and from the Mayfield Draw. Even when the bank was intact unusual flows would go over it down the draw and on to plaintiffs' lands. There is some conflict in the evidence as to some of these facts, but the record amply supports them. Under such conditions the judgment entered was the only proper one. *Johnson v. Kraeger,* 72 Colo. 547, 212 Pac. 820; *Boulder v. Ditch & R. Co.,* 73 Colo. 426, 216 Pac. 553, 36 A. L. R. 1458.

True, as counsel for plaintiffs point out, this court in the Johnson case, supra, based its decision, in part, upon want of proof of injury. Whether dictum or not, it did, however, decide the law question here raised. That por-

tion of the opinion was explained, amplified and approved by Mr. Justice Campbell, speaking for the court in the Boulder case, supra. The rule thus established was again approved and followed by us two years later on the only important question presented by a record. "The only proposition of law covered by the first assignment is the correctness of the rule followed by the court as to defendant's duty with respect to water on its premises for the presence of which it was not responsible. The court found that in disposing of this water as it did defendant acted lawfully under the modified civil law doctrine of dominant and servient estates as approved by this court in *City of Boulder v. Ditch Co.*, 73 Colo. 426, 216 Pac. 553, 36 A. L. R. 1458. Assuming the facts as found by the court the rule was right and applicable. *Debevtz v. Ditch Co.*, 78 Colo. 396, 398, 241 Pac. 1111.

Plaintiffs' only suggestion tending to weaken the force of this conclusion is that when defendant's predecessors in interest conveyed the right of way over her premises for the Panama Canal they acknowledged payment of all future damages, hence the duty devolved upon her to assume all damages arising from the accumulation of the water in question in the instant case. That settlement, however, contemplated only damages arising from the construction of the canal and its use as such. It would be a distortion of that contract, and grossly unfair and inequitable, to extend its terms to damages arising from abandonment of the very use for which the grant was made, or application of the grant to more destructive uses not in contemplation of the parties.

For the reasons given the judgment is affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.