JACOB BLAUSTEIN v. STANDARD OIL COMPANY, a Corporation of the State of Indiana.

586.

(*May* 23, 1947.)

SPEAKMAN, J., sitting.

*Caleb S. Layton, C. A. Southerland* and *Aaron Finger* for plaintiff.

*Hugh M. Morris* and *Edwin D. Steel, Jr.,* for themselves, as petitioners.

Superior Court for New Castle County, No. 136, May Term, 1945.

Speakman, J.

Proceedings by foreign attachment were unknown at the common law. In this State the proceeding is commenced by the filing by the plaintiff of an affidavit and suing out thereon the process which is known as the writ of foreign attachment. "The purpose of the process * * * is to acquire jurisdiction of a defendant who does not reside within the jurisdiction of the court, by taking his property within the jurisdiction and thereby compelling his appearance to the suit of his creditor." *Woolley, on Del. Prac.* § 1270. The characteristic of non-residence in the process of foreign attachment applies to corporations as well as to individuals. "The seizure of the property of the defendant by the sheriff, holds the property and places it in custodia legis. * * * The lien by process of foreign attachment is wholly dependent upon the subsequent recovery of a judgment on the attachment process, in accordance with the provisions of the statute, and the lien goes back and holds the property as of the date of the attachment. * * * If no judgment can be obtained by reason of any

matter which defeats or prevents the legal recovery, then such conditional lien is at once dissolved." *Wooley on Del. Prac.* § 1271.

■ The statute provides that in an action against a foreign corporation, "judgment shall be given for the plaintiff at the second term after the issuing of the writ, unless the defendant shall have caused an appearance by attorney to be entered, in which case the like proceedings shall be had, as in suits commenced against a corporation by summons;" (subject to a proviso, not herein pertinent). *Rev. Code,* § 4631. The "lien upon the property seized * * * shall in no respect be disturbed or affected by the entry of such an appearance, defense and proceedings thereupon, as hereinabove provided, [by the statute] but shall remain. as security pro tanto for the satisfaction of any personal judgment secured against a defendant so entering an appearance," *Rev. Code,* § 4634, unless the attachment during the course of the proceedings has been dissolved by the entry of bail in the manner provided by the statute. In other words, where judgment is entered after appearance, in favor of the plaintiff, and the attachment has not been dissolved by the entry of bail, the judgment, when it becomes final, is both a judgment in personam and in rem, and where it is entered in favor of the plaintiff, in default of an appearance it is, when it becomes final, a judgment in rem against the attached property. In the present case judgment was entered for want of an appearance, it has not become final, and is therefore only a judgment nisi in rem.

By the mandate of the Supreme Court this judgment nisi in rem was to become absolute at the expiration of the March Term, A. D. 1947 of the Superior Court, unless prior thereto the defendant proceeded in the manner set out in the mandate, which, in part, was that "Defendant, after notice to the Plaintiff and an opportunity to be heard thereon, shall

make an application to the Superior Court for leave, under special appearance, to contest the jurisdiction of the Superior Court to enter a judgment for want of an appearance, * * *." The petition now under consideration, which is for such purpose, was presented within the prescribed time.

The contentions of the plaintiff will be considered in their numerical order.

It is first contended that "a special appearance may be entered *only* at the first term, and the present application comes too late."

In support of this contention the plaintiff relies on Section 229, *Wooley's Delaware Practice,* where Judge Wooley says: "The special appearance must be entered at the term to which the writ is returnable, and for this purpose the term is frequently called the *appearance term.* Technically, it should be made on the first day of the term, but by a practice of long standing, it can be made at any time during the term before the final adjournment of the court."

On the other hand, the petitioners contend that the rule, as stated by Judge Woolley, has no application in the present case.

I do not believe that Judge Wooley intended that the rule should be so construed as to include actions commenced by writs of foreign attachment. I think that the rule is ancillary to the rule of the common law, applicable to the ordinary actions commenced by common law writs. In 1 Tidd 161, it is stated that "it is the universal practice of the courts, that the application to set aside proceedings for irregularity should be made as early as possible, or as is commonly said, in the first instance."

It seems to me that there was much reason for this rule at the early common law because by 12 G.I. c. 29, and 5

G.II, c. 27, it was enacted, that in case defendant shall not appear within eight days after the return of the writ or process, the plaintiff, upon making and filing an affidavit of the personal service of such writ or process, may file common bail, or enter an appearance for such defendant, and proceed thereon, as if such defendant had duly appeared himself. 1 *Sellon* 97.

Our foreign attachment statute makes no provision for personal notice to the Defendant. Under the statute the seizure of his property by the Sheriff is calculated to give him notice, not as early as the first term, but at least before the expiration of the second term. Under these circumstances it would be unreasonable to require the Defendant to make any application at the first term.

 The application for leave to enter a special appearance will not be denied on the ground that a special appearance in the action can only be entered at the first term.

The Plaintiff next contends that "Defendant cannot split its motion to contest the validity of the attachment and the consequent jurisdiction of the Court into sections, and urge its objections by successive motions; and the failure to include all of the grounds at the time of the first motion is a waiver of grounds not included."

My attention has not been directed to any decisions in this State which are in point. The Plaintiff has cited and relies upon decisions from other jurisdictions and quotations from text books in support of his contentions. The text books from which he quotes language are 1 *Lewson's Pl. & Pr. & Forms at Common Law*, at p. 190; 42 *C. J.* at p. 478; 14 *Enc. Pl. & Pr.* at p. 183; 37 *Am. Jur.* at p. 504; *Black on Judg's*, § 691; and *Freeman on Judg's*, § 669. I have carefully read the cases cited in support of the language quoted from the text books, some of which are set out and relied

upon in the Plaintiff's brief. I do not deem it necessary to refer to any of such supporting cases other than those appearing in the brief.

The petitioners have divided the authorities relied on by the plaintiff into three designated categories. I prefer to divide them into four classes, the last two of which are as stated by the petitioners.

(1) Cases which hold that all known objections or claims for relief against irregularities not urged upon the first motion are waived. (2) Cases in which two motions were made to strike part of a pleading in the course of the proceeding, and the second was denied. (3) Cases the decisions in which turn upon local rules or statutes, and (4) Cases in which issues of law or fact have been presented and ruled upon adversely prior to judgment, and after judgment, the judgment has been attacked either directly or collaterally upon the same grounds of fact or law.

The cases in the first class are *Nelson v. Bell et al.,* 17 *Fed. Cas. No.* 10, 101a, p. 1314; *Norton v. Dow,* 10 *Ill.* 459; *Bonesteel v. Orvis,* 23 *Wis.* 506, 99 *Am. Dec.* 201, and *Pierce v. Kneeland,* 9 *Wis.* 23; those in the second class are *Mills v. Thursby,* 11 *How. Pr.,* (*N. Y.*) 114, and *Desmond v. Wolf,* 1 *Code Rep.,* (*N. Y.*) 49, and those in the third class are *Hart v. Walker,* 77 *Ind.* 331 and *Goggan & Bros. v. Synnott,* 63 *Tex. Civ. App.* 530, 134 *S. W.* 1184.

These cases do not aid the Plaintiff. There is a vast difference between a mere irregularity in a proceeding which may be waived by some act or neglect of a party, or a renewed motion to strike language from a pleading, or a failure to comply with some specific rule or statute none of which will result in the final determination of a proceeding and the present petition in this case for leave under special appearance to contest the jurisdiction of this court to enter

judgment for the plaintiff against the defendant for want of an appearance, which if it ripens into a final judgment may put an end to the proceedings. The principle contended for was applied in the above cited cases, but they cannot be accepted as authorities to be followed in the matter before me for determination.

The remaining cases cited by the plaintiff in support of his second contention are *White v. Ladd,* 41 *Or.* 324, 68 *P.* 739, 93 *Am. St. Rep.* 732; *Brett v. Fielder,* 136 *Okl.* 222, 277 *P.* 216; *McDuffie v. Geiser Mfg. Co.,* 41 *Okl.* 488, 138 *P.* 1029; *Buckles v. Chicago, M. & St. P. Ry. Co.,* (8 *Cir.*) 53 *F.* 566, and *American Surety Co. v. Baldwin,* 287 *U.S.* 156, 53 *S. Ct.* 98, 77 *L. Ed.* 231, 86 *A.L.R.* 298.

In each of these five cases it appears that, after final judgment had been entered which terminated the cause, the losing party was seeking a means of avoiding the conclusive effect of such final judgment. In each of the cases the Court applied the rule of res judicata, and, apparently, properly so. None of these cases can be accepted by me as authorities supporting the Plaintiff's contention.

The first application for leave under special appearance, was for the purpose of filing a motion to set aside the Sheriff's return and dismiss the writ of foreign attachment on the ground (1) that the writ of foreign attachment was invalid because (a) the writ did not conform to the praecipe, and (b) the statute under which the attachment was made was, if construed to sustain the attachment, so vague and uncertain as to be in violation of the Fourteenth Amendment of the Constitution of the United States; and (2) that the Sheriff's return was invalid. The Defendant also moved for an order directing the plaintiff to file a declaration in order to form the basis for a contention that a writ of foreign attachment could not issue under 4631 against the Defend-

ant, if the cause of action relied upon sounded in contract for unliquidated damages.

The Superior Court, as shown by its opinion, 4 *Terry* (43 *Del.*) 222, 45 *A.* 2d 527, only considered the last mentioned objection. This enabled it, without hearing or considering the other objections, to grant the full relief asked by the petitioners. By its order dated November 1, 1945, the foreign attachment was quashed, the return of the Sheriff was set aside, and the attachment was dissolved. This order upon writ of error was reversed by the Supreme Court. From its opinion, 4 *Terry* (43 *Del.*) 449, 49 *A.* 2d 726, it is apparent that it went no further than to hold that under 4631 of the Revised Code the writ of foreign attachment was available against foreign corporations in actions ex contractu where the damages are unliquidated.

The Petitioners now seek permission to again appear specially for the purpose of showing by facts dehors the record that the Court is without jurisdiction to enter a final judgment in rem for want of a general appearance. This brings me to the question whether the rule urged by the plaintiff can be properly applied in this case. Our statute specifically provides that in actions commenced against foreign corporations by the writ of foreign attachment, judgment shall be given for the Plaintiff at the time therein specified, "unless the defendant shall have caused an appearance by attorney to be entered, in which case the like proceedings shall be had, as in suits commenced against a corporation by summons," * * *. *Rev. Code*, § 4631. The statutory language means, of course, that in the event of an appearance, before final judgment in rem, the proceedings thereafter shall be in personam.

In a case commenced by summons it must be conceded that there are two kinds of causes for which the

writ may be abated, the one dehors the record and the other intrinsic. For each cause the procedure to be followed has been clearly established by practice. "When the defendant finds some irregularity in the process, which in his opinion renders the writ a nullity, and which appears upon the face of the proceedings he may move to quash the writ * * *. For this purpose the defendant should first enter a special appearance, for a general appearance might cure the very defect to which he wishes to except * * *. It is held in general terms that a plea in abatement is the proper method of raising an objection to a proceeding where the defect does not appear upon its face, and that a motion to quash a writ or dismiss a petition is the proper remedy where such defect is apparent from an inspection of the writ or petition * * *." *Wooley Del. Prac.*, § 320. "When the want of jurisdiction in the Superior Court in any action pending before it does not appear upon the face of the plaintiff's declaration, such want of jurisdiction can be taken advantage of only by a plea in abatement, in the nature of a plea to the jurisdiction." *Wooley Del. Prac.*, § 466. In this State, where the rules of the common law apply, it seems needless to say that pleas must be pleaded in due order, and that the general order of pleading dilatory pleas is (1) To the jurisdiction of the court. (2) To the person, (a) Of the plaintiff; (b) Of the defendant.

 There is this important distinction between an action commenced by summons and one commenced by foreign attachment. In an action commenced by summons, the court, before it can proceed to hear and determine the controversy, must have jurisdiction of the cause of action and of the parties. On the other hand, in an action commenced by foreign attachment, the plaintiff being in court, the court may proceed without jurisdiction of the person of the defendant, if it has jurisdiction of the cause of action and there is property in custodia legis against which a judgment

in rem may be entered. The right of a defendant, in an action commenced either by summons or by foreign attachment, before general appearance, by leave of the court under special appearance to move to quash the writ of summons or foreign attachment for inherent defects, is beyond question. The right of a defendant after general appearance to plead in abatement to the plaintiff's declaration matter dehors the record, irrespective of whether the proceeding was begun by summons or foreign attachment, is also beyond question.

Here the defendant, under special appearance made a motion to quash the writ based upon matters apparent in the record and did not prevail. Under the law, as construed by the Supreme Court, if it so desires, it has the right within the specified time to cause an appearance by an attorney to be entered in the action against it, in which case, "like proceedings shall be had, as in suits commenced against a corporation by summons." It necessarily follows that the defendant by reason of its first motion under special appearance has not lost its right to appear generally and plead in abatement to the plaintiff's declaration matter dehors the record. The application for leave to enter a special appearance will not be denied for the reason that such matter was not included in the first motion.

Lastly, the plaintiff contends that "Defendant by his first motion filed June 6, 1945, and by his petition now before the court, has raised grounds of objection which cannot be raised on special appearance, and hence has appeared generally in the cause; and the present application must accordingly be denied."

It is difficult for me to see how anything arising under the motion of June 6, 1945, can, at this time, be questioned in this court. On October 29, 1945, the plaintiff filed a motion in this cause for judgment for want of an appear-

ance. On November 1, 1945, the court granted the motion of the defendant under special appearance of June 6, 1945, and entered its order thereon. At the same time and in the same order it denied the plaintiff's motion of October 29, 1945, for judgment for want of an appearance. Upon writ of error, the order of this court of November 1, 1945, was reversed. In its opinion in 4 *Terry* (43 *Del.*) 516, 51 *A*. 2d 568, 570, the Supreme Court in considering the form of order of reversal and the judgment to be entered in this court, said "The pertinent language of the statute, *Rev. Code of Del.*, § 4631, is as follows: 'In any attachments to be issued under this section, judgment shall be given for the plaintiff at the second term after the issuing of the writ, unless the defendant shall have caused an appearance by attorney to be entered, in which case the like proceedings shall be had, as in suits commenced against a corporation by summons; * * *.' Both plaintiff and defendant are in accord that the statutory language 'unless the defendant shall have caused an appearance by attorney to be entered' should be construed as referring to a general appearance. We think this construction proper and adopt it. Consequently, defendant's special appearance is not within the terms of the quoted condition." Thereafter, by its mandate dated March 3, 1947, it directed that a judgment nisi be entered in this cause in this court, in favor of the plaintiff for want of an appearance. On March 7, 1947, this court entered a judgment, in strict compliance with the mandate of the Supreme Court. The question, whether the defendant had, or had not, appeared generally in this case prior to the date of the mandate was before the Supreme Court, the question was considered by it, it found that there had not been any general appearance therein, and incorporated in its mandate an order that a judgment nisi be entered in this court, in favor of the plaintiff, for want of an appearance. Whether the defendant appeared generally prior to the entry of judgment

in this court, pursuant to the mandate of the Supreme Court, will not be inquired into in the absence of further directions by the Supreme Court.

The petition of March 7, 1947, as already stated, is for leave to appear specially, to contest the jurisdiction of this court to enter judgment against the defendant for want of an appearance, and to vacate the judgment nisi entered against the defendant and to discharge the attachment proceedings, based upon matter dehors the record.

In resisting the application of the petitioners, the plaintiff seeks to have this court apply the rule in actions commenced by summons, that "An objection to the jurisdiction of the court upon the subject matter, cannot be urged under a special appearance, but can be urged by the defendant only by a plea to the jurisdiction." *Woolley Del. Prac.*, § 227.

He also cites cases in the Federal and State courts which, in general, support the language used by Judge Woolley. In none of the cited cases was the action commenced by foreign attachment. He contends that by reason of the motion filed June 6, 1945, and the petition of March 7, 1947, the defendant has appeared generally.

If there could be any question touching the right of the petitioners to present their petition on behalf of the defendant, without incurring the risk of appearing generally, that question was taken out of the case by the authority contained in the mandate of the Supreme Court, which provided that the judgment entered pursuant thereto was "to become absolute at the expiration of the term during which it is entered, unless prior thereto, * * *, (2) Defendant, after notice to the Plaintiff and an opportunity to the Plaintiff to be heard thereon, shall make an application to the Superior Court for leave under special appearance to contest the jurisdiction of the Superior Court to enter judgment for want of an appearance, * * *."

Therefore, the application of the petitioners for leave to enter a special appearance in the action will not be denied on the ground that the defendant has appeared generally.

In the case the real question in controversy is this: Should the petitioners, under special appearance, be heard for the purpose of showing by matters dehors the record that this court is without jurisdiction to enter a final judgment in rem against the attached property, without first submitting itself to the jurisdiction of this court, and thereby enabling the plaintiff to proceed against it in personam?

The answer to this question, I believe, will be found in *Sparks v. Zebley*, 5 *Harr.* (5 *Del.*) 353 (Fall Session 1851). There the action was begun in this court against Zebley, one of several partners, by the writ of foreign attachment, by authority of which the Sheriff attached certain lands. A rule was issued on the plaintiff, on behalf of Zebley, to show his cause of action; and to show cause why the attachment should not be quashed, being issued against a resident. It was contended by counsel for Zebley that: "The action will not lie against Zebley, one of the partners, alone; and we can avail ourselves of the plea, before entering bail. It is a summary statutory proceeding, and must be subject to be met summarily by what would amount to a good plea." Counsel for the plaintiff stated that: "The proceeding is irregular; the taking an objection, without appearing. I waive this. The rule that all the partners shall be sued together is founded not on the nature of the liability, but on grounds of convenience. It is the several, as well as the joint obligation of the partners. The defendant may plead the want of it in abatement; but he must suggest the names of the partners not sued. The objection, therefore, cannot be made in this form." The court agreed with the defendant's contention, and, without opinion, made the rule absolute. The fact that the plaintiff waived an appearance by

the defendant, I do not consider important. In effect, what the plaintiff consented to was that the defendant should be heard without entering bail to the action. In the case there was no appearance, the court granted the defendant's application, notwithstanding the plaintiff's objection, and it did this without requiring the question to be raised by a plea in abatement.

If any doubt had remained in my mind about *Sparks v. Zebley* being directly in point, then I would not have hesitated in applying in this case the language used by the Supreme Court of the United States in *Ownbey. v. Morgan*, 266 *U.S.* 94, 41 *S. Ct.* 433, 438, 65 *L. Ed.* 837, 17 *A. L. R.* 873. That case was before that court upon a writ of error to the Supreme Court of this State which had affirmed a judgment for want of appearance in a foreign attachment proceeding commenced in this court. The Supreme Court of the United States, in referring to the defendant, said: "His appeal in effect was to the summary and equitable jurisdiction of a court of law so to control its own process and proceedings as not to produce hardship. This is a recognized extraordinary jurisdiction of common-law courts, distinguishable from their ordinary or formal jurisdiction. It has been much developed since the separation of the American colonies from England. But where the proceedings have been regular, it is exercised as a matter of grace or discretion, not as of right, and is characterized by the imposition of terms on the party to whom concession is made. *Smith's Action at Law* (4th E. 1851) pp. 22-27. *Stewart's Blackstone* (1854) vol. 3, pp. 334-338. A liberal exercise of this summary and equitable jurisdiction, in the interest of substantial justice and in relaxation of the rigors of strict legal practice, is to be commended * * *."

I think it would be inequitable, in the instant case, to require the defendant to subject itself to personal liability

as a pre-requisite to a hearing on a question concerning the judgment in rem against its property.

That which has been herein stated applies to the above entitled case. It is also applicable to two other cases against the same defendant, being Nos. 137 and 138 May Term, 1945.

I am of the opinion that the application of the petitioners in each of the three cases should be granted.

Appropriate orders will be signed in accordance with this opinion.